UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SUSAN MAYNARD,

                   Plaintiff,                           Civil Case No: 18-CV-8877

   -against-                                    Plaintiff Demands a
                                             Trial by Jury
MONTEFIORE MEDICAL CENTER,
MARCIA LUTZ, individually,                     **COMPLAINT**
VAYOLA NELSON, individually,
DAVIDA HARRIS, individually,
BEVERLEY WINTER, individually, and
PEARLINE DOUGLAS, individually


                       Defendant s.
--------------------------------------------------------X


        Plaintiff, SUSAN MAYNARD, (hereinafter referred to as "Plaintiff" or "MAYNARD"), by and through her attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of Defendant MONTEFIORE MEDICAL CENTER (hereinafter referred to as "Defendant " or "MONTEFIORE"), Defendant MARCIA LUTZ, individually, (hereinafter referred to as "LUTZ"), Defendant VAYOLA NELSON, individually, (hereinafter referred to as "NELSON"), Defendant DAVIDA HARRIS, individually, (hereinafter referred to as "HARRIS"), Defendant BEVERLEY WINTER, individually, (hereinafter referred to as "WINTER"), and Defendant  PEARLINE DOUGLAS, individually, (hereinafter referred to as "DOUGLAS") and (hereinafter collectively referred to as "Defendants") upon information and belief, as follows:


**NATURE OF CASE**

Plaintiff SUSAN MAYNARD, complains pursuant to the Americans with Disabilities Act

of 1990 ("ADA") as amended, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. § 1981, The Americans With Disabilities Act ("ADA"), The Family and Medical Leave Act ("FMLA"), the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sexual harassment, gender discrimination, racial discrimination, color discrimination, disability discrimination, FMLA discrimination, religious discrimination, retaliation and wrongful termination by Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title 7 the ADA and the FMLA.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3. Around February 23, 2018, Plaintiff submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").  The EEOC issued duplicate charges numbers for Plaintiff's charge.  The federal charge numbers are 520-2018-02371 and 520-2018-02386.

4. Around July 7, 2018, Plaintiff received Right to Sue Letters for both charges from the EEOC.

5. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letters.

6. Venue is proper in this court, as the events giving rise to this action arose in New York County

within the Southern District of New York.

**PARTIES**

7.  Plaintiff is an individual Caucasian-American woman who is a resident of the State of New York, Westchester County.

8.  At all times material, Defendant MONTEFIORE MEDICAL CENTER (hereinafter referred to as "MONTEFIORE" and/or "Defendant") is a domestic not-for-profit corporation, authorized to do business in the state of New York, with its principal place of business located at 3415 Bainbridge Ave., Bronx, NY 10467.

9.  At all times material, Defendant MARCIA LUTZ (hereinafter referred to as "LUTZ" and/or Defendant) was and is a Supervisor for Defendant MOTEFIORE and held supervisory authority over Plaintiff with regard to her employment.

10. At all times material, Defendant VAYOLA NELSON (hereinafter referred to as "NELSON" and/or "Defendant") was and is a Patient Care Coordinator Defendant MOTEFIORE and held supervisory authority over Plaintiff with regard to her employment.

11. At all times material, Defendant DAVIDA HARRIS (hereinafter referred to as "HARRIS" and/or "Defendant") was and employee of Defendant MOTEFIORE.

12. At all times material, Defendant BEVERLEY WINTER (hereinafter referred to as "WINTER" and/or "Defendant") was and is a registered nurse of Defendant MOTEFIORE.

13. At all times material, Defendant PEARLINE DOUGLAS (hereinafter referred to as "DOUGLAS" and/or "Defendant") was and is a nursing assistant of Defendant MOTEFIORE.

**MATERIAL FACTS**

14. Around May 1, 2008, Plaintiff began her employment with Defendant MOTEFIORE as a Registered Nurse.

3

15. Beginning around January 2014, until November 2018, Plaintiff MAYNARD was subjected to various unlawful and discriminatory comments based on her race by various staff members of Defendant Montefiore.

16. From around 2013 to 2015, Defendant HARRIS continuously called Plaintiff a "***snowflake***" referring to Plaintiff being Caucasian.

17. Defendant NELSON also told Plaintiff, "blonde people have no problems."

18. On several occasions, in or about January of 2014 Defendant NELSON called Plaintiff, "blondie" referring to Plaintiff being Caucasian and blonde.

19. Around April of 2015, Plaintiff MAYNARD reported Defendant NELSON's discriminatory behavior to Defendant MONTEFIORE's Human Resources Hotline, but no corrective action was ever taken.

20. Around August of 2015, Defendant HARRIS told Plaintiff, "***white people are weird***," "***white people eat weird food***," "***you could be the center of an Oreo cookie***" and "why don't you do something with your hair."

21. Around December of 2015, Defendant WINTER called Plaintiff and another Caucasian nurse "***the KKK***."

22. Around December of 2015, Defendant DOUGLAS told Plaintiff, "***white women have dirty houses and are pigs***."

23. Around December of 2015, Defendant DOUGLAS asked Plaintiff, "***can I touch your hair?***" ***Does your husband pull it when you are having sex***?"

24. Around January 21, 2016, Plaintiff MAYNARD requested medical leave under the FMLA and as a reasonable accommodation under the ADA, in order to have surgery for her Right Hand Carpal Tunnel Syndrome, scheduled for March 23, 2016.   Plaintiff was approved for her leave,

but Defendant LUTZ withheld a week pay because of Plaintiff's race and color and in retaliation for Plaintiff having requested leave under the FMLA and ADA, and in retaliation for Plaintiff having complained of the discrimination at the hands of Defendant LUTZ.

25. Plaintiff was eligible for FMLA leave because she worked at least 1,250 hours in the previous 12 months, and the Defendants were an eligible employer required to provide Plaintiff with FMLA leave because they employ more than 50 employees.

26. Around April 4, 2016, Defendant LUTZ further discriminated against Plaintiff because of her race and color and in retaliation for Plaintiff having requested leave under the FMLA and ADA, and in retaliation for Plaintiff having complained of the discrimination at the hands of Defendant LUTZ by switching Plaintiff's shift to the night shift, which was a significantly less desirable position, a position which then exacerbated Plaintiff's medical condition, and which Plaintiff had never held in her 23 years as a nurse.

27. Around early Spring of 2017, Defendant NELSON told Plaintiff that Plaintiff was not a religious person and that Defendant NELSON had been considering bringing a bible into work to give to Plaintiff.

28. Throughout her employment, Plaintiff made various complaints to Defendant Montefiore's Human Resource department detailing the continuous discrimination and hostile work environment that Plaintiff was forced to endure at the hands of Defendants LUTZ and NELSON, but to no avail.

29. Around November 12, 2017, during a meeting with Defendant MONTEFIORE, Plaintiff again complained of the discrimination, hostile work environment and retaliation she was subjected to by Defendants LUTZ and NELSON.  Instead of investigating Plaintiff's complaints of discrimination, Defendant MONTEFIORE suspended Plaintiff.

30. Around December 29, 2017, Defendant Montefiore terminated Plaintiff because of Plaintiff's sex, gender, race and color, disability, religion, and in retaliation for Plaintiff having requested leave under the FMLA and ADA, and in retaliation for Plaintiff having complained of the discrimination at the hands of Defendants LUTZ and NELSON.

31. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and severely emotionally distressed.

32. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

33. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

34. The above are just some examples of the sexual harassment, unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

35. Defendants' actions constituted a continuing violation of the applicable federal, state city and county laws.

36. Plaintiff hereby demands reinstatement to her position.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**(Not against any individual Defendants)**

37. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

38. Plaintiff claims Defendant MONTEFIORE violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

39. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

40. Defendant MONTEFIORE violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her disability and for having complained of discrimination.

41. Defendant MONTEFIORE violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**(Not against any individual Defendants)**

42. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

43. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

44. Defendant MONTEFIORE violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR VIOLATIONS OF THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### (Not against any individual Defendants)

45. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

46. §2612 of the Family Medical Leave Act states in pertinent part:

(a) In general
   (1) Entitlement to leave
   Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

   (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

   (B) Because of the placement of a son or daughter with the employee for adoption or foster care.

   (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

   (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

   (E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

47. Defendant MONTEFIORE violated Plaintiff's FMLA rights by failing to provide her with appropriate leave thereunder.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION AND INTERFERENCE UNDER THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### (Not against any individual Defendants)

48. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if the same were set forth herein fully at length.

49. § 2615 of the FMLA states as follows:

> Prohibited acts
> (a) Interference with rights
> (1) Exercise of rights

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

> (2) Discrimination:

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

50. Defendant MONTEFIORE unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise her rights under the above section and discriminated and retaliated against Plaintiff by terminating Plaintiff from her employment for opposing Defendant 's unlawful employment practice and attempting to exercise her rights.

### AS A FIFTH CAUSE OF ACTION
### DISCRIMINATION AND RETALIATION IN VIOLATION
### OF 42 U.S.C. § 1981
### (Against All Defendants)

51. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

52. 42 U.S.C. Section 1981 states as follows, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

53. Section 1981 further states that, "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

54. Defendants discrimination against Plaintiff in violation of the rights of Plaintiff as afforded to her by the Civil Right Act of 1866, 42 U.S.C. 1981.

55. By the conduct described above, Defendants intentionally deprived Plaintiff, a Caucasian female, of the same rights as are enjoyed by non-Caucasian employees, to the creation, performance, enjoyment and all benefits and privileges of her employment relationship with Defendants.

56. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief, and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling them to compensatory damages.

57. Defendants acted with malice or reckless indifference to the rights of the above-named Caucasian female, thereby entitling her to an award of punitive damages.

58. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award the relief prayed for below.

<u>AS A SIXTH CAUSE OF ACTION</u>
<u>FOR DISCRIMINATION UNDER TITLE VII</u>
<u>(Not against any individual Defendants)</u>

59. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

60. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to

discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin; . . .

61. Defendant MONTEFIORE engaged in unlawful employment practices prohibited by 42 U.S.C.

§2000e et seq., by allowing race discrimination, color discrimination, sex/gender discrimination,

religious discrimination and causing a hostile work environment.

**AS A SEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not against any individual Defendants)**

62. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)  provides that it

shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice

made an unlawful employment practice by this subchapter, or because [s]he has made a charge,

testified, assisted or participated in any manner in an investigation, proceeding, or hearing under

this subchapter."

64. Defendant MONTEFIORE engaged in unlawful employment practice prohibited by 42 U.S.C.

§2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of

employment because of her opposition to the unlawful employment practices of DEFENDANTS.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANT S)**

65. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

66. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

67. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race, color, sex/gender, religion, and causing a hostile work environment.

68. Plaintiff hereby makes a claim against Defendant s under all of the applicable paragraphs of Executive Law Section 296.

**AS A  NINTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANT S)**

69. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

70. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

71. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

<u>**AS A TENTH CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER**</u>
<u>**NEW YORK STATE LAW**</u>
<u>**(AGAINST ALL DEFENDANT S)**</u>

72. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of the complaint.

73. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

74. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

<u>**AS AN ELEVENTH CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER**</u>
<u>**THE NEW YORK CITY ADMINISTRATIVE CODE**</u>
<u>**(AGAINST ALL DEFENDANT S)**</u>

75. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

76. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of    any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

77. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of

Plaintiff's race, color, sex/gender and religion.

78. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

**AS A TWELVETH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANT S)**

79. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

80. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

81. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS A THIRTEENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANT S)**

82. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

83. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

84. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the

above discriminatory, unlawful and retaliatory conduct.

**AS A FOURTEENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANT S)**

85.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

86.  Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an

unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with,

or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or

enjoyment of, or on account of his or her having aided or encouraged any other person in the

exercise or enjoyment of, any right granted or protected pursuant to this section."

87.  Defendants violated the above section as set forth herein.

**AS A FIFTEENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANT S)**

88.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

89.  Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent

or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory

practice based upon the conduct of an employee or agent which is in violation of any provision

of this section other than subdivisions one and two of this section." b. An employer shall be

liable for an unlawful discriminatory practice based upon the conduct of an employee or agent

which is in violation of subdivision one or two of this section only where: (1) the employee or

agent exercised managerial or supervisory responsibility; or (2) the employer knew of the

employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

90. Defendants violated the above section as set forth herein.

        **WHEREFORE**, Plaintiff demands judgment against all Defendant s, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**JURY DEMAND**

        Plaintiff demands a jury trial on all issues to be tried.

Dated:  New York, New York
       January 8, 2019

                         **DEREK SMITH LAW GROUP, PLLC**
                         *Attorneys for Plaintiff*

                         __/s/ Abe Melamed_____

                         Abraham Z. Melamed, Esq.
                         One Penn Plaza, Suite 4905
                         New York, New York 10119
                         (212) 587-0760